UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

HERBERT LOUIS CARTER, JR.,

       Petitioner,

v.

TIMOTHY WENGLER, Warden,

       Respondent.

---

Civil No. 08-5837 (DSD/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

1

**I. BACKGROUND**

In 2005, a Minnesota state court jury found Petitioner guilty of soliciting and promoting prostitution. Following that verdict, Petitioner was given a prison sentence, which he is currently serving at the Prairie Correctional Facility in Appleton, Minnesota.

Petitioner took a direct appeal to the Minnesota Court of Appeals, but his conviction and sentence were affirmed.  State v. Carter, No. A05-1614 (Minn.App. 2007), 2007 WL 582903 (unpublished opinion), rev. denied, April 25, 2007.

In May 2007, Petitioner filed a federal habeas corpus petition in this District, seeking relief from his 2005 state criminal conviction and sentence pursuant to 28 U.S.C. § 2254. Carter v. Wengler, Civil No. 07-2507 (DSD/AJB), [hereafter "Carter I"]. That matter was assigned to a magistrate judge, who recommended that Petitioner's § 2254 habeas corpus petition should be denied, because his claims were barred by the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976). That recommendation was adopted, (over Petitioner's objections), and Petitioner's first federal habeas corpus petition was "dismissed with prejudice" by order of District Court Judge David S. Doty. (Carter I, Order dated July 17, 2007, [Docket No. 26].) Petitioner tried to appeal the

dismissal of his habeas corpus petition in Carter I, but both the District Court and the Eighth Circuit Court of Appeals denied him a Certificate of Appealability. (See 28 U.S.C. § 2253(c)(1)(A).)

Petitioner has now filed a habeas corpus petition under 28 U.S.C. § 2241, which challenges the same conviction and sentence at issue in Carter I. Because Petitioner has already been denied federal habeas relief with regard to that conviction and sentence, the present petition must be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

Although Petitioner is attempting to bring this action under 28 U.S.C. § 2241, the remedy provided by that statute is clearly not available to him. Our Court of Appeals has held, very explicitly, that 28 U.S.C. § 2254 provides the only federal remedy by which a state prisoner can challenge a state criminal conviction. Because Petitioner is in state custody pursuant to the judgment of a state court, he "can only obtain habeas relief through § 2254, no matter how his pleadings are styled." Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001). See also Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir.) ("§ 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence") (quoting Crouch, supra), cert. denied, 540 U.S. 832 (2003); Abordo v. O'Dell, No. 01-2296

(8th Cir. 2001), 2001 WL 1529746 (unpublished opinion) at * 1 (although state prisoner "labeled his suit as one brought under section 2241, the only vehicle for his attack on his confinement is 28 U.S.C. § 2254, because he is in custody pursuant to a state court judgment"), cert. denied, 537 U.S. 836 (2002).

Under different circumstances, Petitioner's current petition might simply be construed as a petition brought under § 2254, and entertained as such; or, in the alternative, Petitioner might be instructed to file an amended petition seeking relief under § 2254. Those options are not available here, however, because Petitioner is not presently eligible for habeas corpus relief under § 2254.

Petitioner already challenged his 2005 state criminal conviction and sentence in Carter I, and his current claims for relief were brought, or could have been brought, in that case. Therefore, if Petitioner were now seeking relief under § 2254, his petition would be deemed a "second or successive petition." See In re: Cain, 137 F.3d 234, 235 (5th Cir. 1998) ("a later petition is successive when it... raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition") (cited with approval in Crouch, 251 F.3d at 724). Because Carter I was dismissed with prejudice, Petitioner cannot challenge his 2005 state criminal conviction and sentence in another § 2254 petition without first obtaining preauthorization from the Eighth Circuit Court of

Appeals pursuant to 28 U.S.C. § 2244(b).[2]

---

[2] 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

According to § 2244(b), a district court cannot entertain a second or successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained an order from the apposite court of appeals that allows him to file another petition. 28 U.S.C. § 2244(b)(3)(A). See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief). The petition now before this Court is Petitioner's second application for federal habeas corpus relief pertaining to his 2005 state criminal conviction and sentence, so it cannot be entertained without preauthorization from the Eighth Circuit Court of Appeals. Because Petitioner has not obtained such preauthorization, his new application for federal habeas corpus relief must be dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996).[3]

---

> **(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

[3] See also Woodruff v. Dingle, Civil No. 03-2425 (DSD/SRN) (Doty J.) (Order dated April 25, 2003, [Docket No. 6]) (state prisoner's § 2241 habeas petition summarily dismissed for lack of jurisdiction because prior § 2254 petition had been dismissed "with prejudice," and petitioner failed to obtain preauthorization order from the Court of Appeals); Boitnott v. Crist, Civil No. 06-506 (DSD/AJB) (Order dated March 17,

Petitioner obviously is trying to circumvent § 2244(b)'s preauthorization requirement by trying to bring his habeas claims under § 2241, instead of § 2254. He cannot do that.  The restrictions on second and successive § 2254 habeas petitions would be meaningless if a state prisoner could avoid those restrictions simply by changing the label on his petition from § 2254 to § 2241.  Congress could not have intended for the requirements of § 2244(b) to be so easy to evade.  Our Court of Appeals has held that <u>federal</u> prisoners cannot use § 2241 to avoid the restrictions on successive motions brought under 28 U.S.C. § 2255, (<u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000)), and there is no reason to think that a different rule should be applied to <u>state</u> prisoners who bring successive habeas petitions in federal court.

Petitioner apparently believes that <u>Carter I</u> was wrongly decided, and that he is therefore automatically entitled to seek further federal habeas review of his 2005 state criminal conviction and sentence under § 2241.  That reasoning must be rejected.  Congress has clearly required that state prisoners must obtain a preauthorization order from the Court of Appeals before bringing a second or successive federal habeas corpus petition.  Again, the preauthorization requirement would be rendered meaningless if Petitioner's reasoning were accepted, because any state prisoner could easily evade the preauthorization

---

2006; [Docket No. 5]), (same).

requirement simply by arguing that his prior habeas case was wrongly decided. If a habeas petitioner believes that a federal district court has erroneously rejected his claims for relief, he can attempt to appeal the district court's ruling to the apposite Circuit Court of Appeals.  However, if his attempt to appeal is unsuccessful, (as was the case for Petitioner here), that does not excuse him from the statutory restrictions on successive petitions.  A state prisoner cannot continue to file successive applications for habeas relief, without the requisite circuit court preauthorization, simply because he believes his claims were wrongly denied in his first federal habeas case.

### III.  CONCLUSION

For the reasons discussed above, the Court concludes that this action must be summarily dismissed for lack of jurisdiction.  The Court will recommend that this case be dismissed without prejudice, so that Petitioner can resubmit his habeas claims in a new § 2254 petition, <u>if he is able to secure a pre-authorization order from the Court of Appeals</u> as required by § 2244(b)(3)(A).  Petitioner should carefully note, however, that <u>this District Court will not entertain any future habeas petition pertaining to his 2005 state criminal conviction and sentence, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals.</u>

Finally, having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will further recommend that Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), and his motion for an evidentiary hearing, (Docket No. 3), be summarily denied.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2.  Petitioner's application to proceed in forma pauperis, (Docket No. 2), be DENIED;

3.  Petitioner's motion for an evidentiary hearing, (Docket No. 3), be DENIED; and

4.  This action be summarily dismissed, without prejudice, for lack of jurisdiction.

Dated: October 28, 2008

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by November 15, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.